UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ALEXANDRA T. MANBECK,                        :
                    Plaintiff,               :
                                             :        **OPINION AND ORDER**
v.                                           :
                                             :        15 CV 2132 (VB)
CAROLYN W. COLVIN, Acting                    :
Commissioner of Social Security, Social      :
Security Administration,                     :
                    Defendant.               :
--------------------------------------------------------------x

Briccetti, J.:

        Plaintiff Alexandra T. Manbeck is an attorney who regularly represents claimants seeking

social security benefits.  She brings this action against the Acting Commissioner of Social

Security, Social Security Administration ("SSA"), asserting constitutional claims arising out of a

disciplinary proceeding the SSA commenced against her in 2013 but eventually dismissed.  In

her amended complaint, plaintiff alleges the laws governing the appointment and removal of

SSA administrative law judges ("ALJs") violate Article II of the United States Constitution.[1]

She also challenges the constitutionality of the regulations setting forth the process for appealing

attorney sanctions imposed by the SSA, arguing those regulations violate the Due Process Clause

_____

[1]     To the extent plaintiff contends "[t]he manner of appointment of the SSA ALJs is also a
violation of" 5 U.S.C. § 3105 (Pl.'s Summ. J. Br. at 17), which provides, in pertinent part, that an
administrative "agency shall appoint as many [ALJs] as are necessary," the Court will not
consider this claim because it was not pleaded in the amended complaint.  See Beckman v. U.S.
Postal Serv., 79 F. Supp. 2d 394, 409 n.19 (S.D.N.Y. 2000) ("Summary judgment cannot be
granted as to these 'claims' because, as they are not included in the Amended Complaint, they
are not claims within the meaning of Fed. R. Civ. P. 8(a), 10(b), and 56(b).").  The Court also
will not consider plaintiff's claims that the SSA violated the Double Jeopardy Clause and equal
protection component of the Fifth Amendment in connection with the disciplinary proceeding.
Although those claims are raised in the amended complaint, plaintiff makes no mention of them
in her moving, opposition, or reply papers.  The Court therefore deems those claims abandoned.

of the Fifth Amendment because they do not provide for judicial review.  Plaintiff seeks

declaratory and injunctive relief, but makes no claim for damages.

The SSA has moved to dismiss under Rule 12(b)(1) for lack of subject matter

jurisdiction, contending the case is now moot in light of its decision to drop the disciplinary

proceeding against plaintiff.  (Doc. #24).  Plaintiff has opposed the SSA's motion and has also

cross-moved for summary judgment.  (Doc. #44).

For the following reasons, the SSA's motion to dismiss is GRANTED, and plaintiff's

cross-motion for summary judgment is DENIED as moot.

## BACKGROUND

In deciding the pending motion to dismiss, the Court accepts as true all well-pleaded

allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor.

Title II of the Social Security Act, 42 U.S.C. § 401 et seq., provides certain benefits for

individuals who are "disabled" within the meaning of the statute.  Under the Act, an attorney in

good standing who is admitted to practice in any state or federal court "shall be entitled to

represent claimants" seeking such benefits.  Id. § 406(a)(1).  However, attorneys who appear

before the SSA must abide by the agency's rules of conduct and standards of professional

responsibility, which are set forth in 20 C.F.R. § 404.1740.  Failure to do so may result in the

attorney's suspension or disqualification.  Id. § 404.1745.

To suspend or disqualify an attorney, the SSA must initiate a "sanction proceeding" by

sending the attorney "a notice containing a statement of charges that constitutes the basis for the

proceeding."  20 C.F.R. § 404.1750(a).  After the attorney answers the charges, an ALJ is

"designated to act as a hearing officer, to hold a hearing on the charges."  Id. § 404.1765(b)(1).

ALJs are appointed by the SSA and must be selected either from a list of candidates provided by

the Office of Personnel Management ("OPM") or with OPM's approval.  5 C.F.R. § 930.204.

Plaintiff alleges the Commissioner "is not involved in appointing ALJs."  (Am. Compl. ¶ 41c).

If, after holding the hearing, the ALJ sustains the charges against the attorney, the ALJ

must either suspend the attorney for a period between one and five years or disqualify the

attorney until such time as reinstatement is warranted.  20 C.F.R. § 404.1770(a)(3).  An attorney

may appeal the ALJ's decision to the SSA's Appeals Council.  Id. § 404.1775.  However, SSA

regulations do not provide for judicial review of attorney sanctions.

On July 10, 2013, the SSA commenced a sanction proceeding against plaintiff by issuing

a "Notice of Intent to Sanction."  (Compl. Ex. B).  The Notice stated the SSA "intend[ed] to

disqualify [plaintiff] from representing claimants before the agency," and listed four charges.

(Id.).  Count 1 charged plaintiff with violating 20 C.F.R. § 404.1740(b)(4) by "fail[ing] to

conduct business with the agency electronically at the times and in the manner prescribed by the

agency pursuant to 20 C.F.R. §§ 404.1713, 416.1513, on matters for which [plaintiff] requested

direct fee payment."  (Compl. Ex. B).  This charge arose out of the failure of several of plaintiff's

clients to file appeals electronically, as opposed to filing paper forms.  Counts 2 through 4

accused plaintiff of violating 20 C.F.R. § 404.1740(c)(2) by charging fees "in violation of

applicable law or regulation."  (Compl. Ex. B).

An ALJ was assigned to hear the case on December 9, 2014.  The ALJ held an informal

pre-hearing teleconference on March 11, 2015.

Plaintiff then commenced this action on March 20, 2015, before any hearing had been

held in the sanction proceeding.  Plaintiff moved by order to show cause for a preliminary

injunction and temporary restraining order barring the sanction proceeding from moving

forward.  Plaintiff raised constitutional challenges to various aspects of that proceeding.  Among

plaintiff's claims was that the "two layers of tenure protection" afforded to SSA ALJs—who cannot be removed absent "good cause," and can only be removed by the Commissioner, who herself is not removable at will by the President—violate Article II of the Constitution (Compl. ¶¶ 4, 46-47), which assigns to the President the duty to "take Care that the Laws be faithfully executed."  U.S. Const. art. II, § 1, cl. 1.  The Court, however, declined to issue the proposed order to show cause.  (Doc. #3).

On June 3, 2015, the SSA moved to dismiss under Rules 12(b)(1) and (6).  (Doc. #12).

On June 15, 2015, plaintiff moved for leave to amend her complaint to add a claim under Article II's Appointments Clause, which provides, in pertinent part: "Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."  U.S. Const. art. II, § 2, cl. 2.  "Since the ALJ presiding over the plaintiff's proceeding has not been appointed by the Commissioner," plaintiff argued, "the proceeding is unconstitutional."  (Mot. to Amend Compl. at 2).  In support of her motion, plaintiff cited Hill v. SEC, a June 8, 2015, decision from the Northern District of Georgia holding that the appointment of ALJs by the Securities and Exchange Commission ("SEC") "likely" violated the Appointments Clause.  2015 WL 4307088, at *19 (N.D. Ga. June 8, 2015).  Hill reasoned that SEC ALJs are "inferior officers" under Article II, but they are not appointed by the President, the SEC Commissioners, or the federal judiciary; rather, they are "hired by the SEC's Office of Administrative Law Judges, with input from the Chief Administrative Law Judge, human resource functions, and [OPM]."  Id. at *3.

Although plaintiff did not need the Court's leave to amend her complaint, see Fed. R. Civ. P. 15(a)(1)(B) (party may amend its pleading once as a matter of course within 21 days of service of a motion under Rule 12(b)), the Court granted plaintiff's motion on June 16, 2015, and

4

directed the Clerk to accept her proposed amended complaint for filing.  (Doc. #18).  As relief, the amended complaint seeks "[a]n order and judgment declaring unconstitutional the statutory and regulatory provisions providing for the appointment, position and tenure protection of the SSA ALJs," "[a]n order and judgment enjoining the SSA from carrying out an administrative proceeding against Plaintiff and from otherwise violating her due process rights and her equal protection rights," and such other relief as the Court deems just and proper.  (Am. Compl. at 29). The amended complaint does not seek damages.

On June 16, 2015, the SSA dropped the sanction proceeding against plaintiff.  (Doc. #20).

The SSA then filed the pending motion to dismiss, arguing the case is now moot in light of the dismissal of the sanction proceeding.  In support, the SSA submitted a declaration from a Senior Attorney in the SSA's Office of General Counsel, who represented that the SSA "will not re-initiate the Representative Sanctions action before an Administrative Law Judge against Plaintiff based upon the conduct alleged by the SSA Office of General Counsel in the July 10, 2013 Notice of Intent to Sanction."  (SSA Decl. ¶ 4; Doc. #26).  The SSA further represented it "does not intend to initiate any further Representative Sanctions actions before an Administrative Law Judge against Plaintiff for any activity that SSA is aware of as of June 24, 2015."  (Id. ¶ 5).

Plaintiff alleges that, since the dismissal of the sanction proceeding, her clients have continued to file paper appeals, and she has continued to advise them they have a right to do so. Plaintiff also alleges she has advised some of her clients not to attend certain consultative examinations ordered by the SSA.  Plaintiff thus contends the rule-breaking conduct that gave rise to the sanction proceeding "is ongoing and will continue indefinitely," and she "could be hauled before the SSA administrative tribunal at any time."  (Pl.'s Opp'n Br. at 5, 11).

The SSA, however, has not initiated any new sanction proceedings against plaintiff for her post-June 16, 2015, actions.

## DISCUSSION

I.    <u>Standard of Review Under Rule 12(b)(1)</u>

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." <u>Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont</u>, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation marks omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." <u>Nike, Inc. v. Already, LLC</u>, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation marks omitted). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 (1983).

When, as here, the case is at the pleading stage, in deciding a motion to dismiss under Rule 12(b)(1), the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." <u>Conyers v. Rossides</u>, 558 F.3d at 143. But "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." <u>Buday v. N.Y. Yankees P'ship</u>, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order) (quoting <u>Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.</u>, 968 F.2d 196, 198 (2d Cir. 1992)). When a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." <u>Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi</u>, 215 F.3d 247, 253 (2d Cir. 2000); <u>accord</u> <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a

motion to dismiss for lack of subject matter jurisdiction . . . a district court, as it did here, may refer to evidence outside the pleadings.").

II.   <u>Mootness</u>

To decide the SSA's motion to dismiss, the Court must apply two well-established mootness-related doctrines: the "voluntary cessation" doctrine, <u>see</u> <u>generally</u> <u>Cty. of Los Angeles v. Davis</u>, 440 U.S. 625 (1979), which the SSA invokes, and the "capable of repetition, yet evading review" doctrine, <u>see</u> <u>generally</u> <u>S. Pac. Terminal Co. v. ICC</u>, 219 U.S. 498 (1911), upon which plaintiff relies.

The Court will first consider the voluntary cessation doctrine, which bears on whether a case is, in fact, moot, before turning to whether this case, "though technically moot," nonetheless falls within the "exception to the principle that a moot c[ase] is to be dismissed" if it is "capable of repetition, yet evading review."  <u>Dean v. Blumenthal</u>, 577 F.3d 60, 65 (2d Cir. 2009) (internal quotation marks omitted).

A.   <u>Voluntary Cessation</u>

The voluntary cessation doctrine holds that a defendant's "voluntary cessation of allegedly illegal conduct usually will render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."[2]  <u>Lamar Advert. of Penn, LLC v. Town of Orchard Park</u>, 356 F.3d 365, 375 (2d Cir. 2004) (internal quotation marks omitted).  The defendant's burden in establishing those elements is a "formidable" one, as it must be "absolutely clear the allegedly wrongful behavior could not

---

[2]   This doctrine is, however, inapplicable to claims for damages, which plaintiff has not asserted here.  <u>Dean v. Blumenthal</u>, 577 F.3d at 66 ("Claims for damages or other monetary relief automatically avoid mootness, so long as the claim remains viable.") (internal quotation marks omitted).

reasonably be expected to recur." Holland v. Goord, 758 F.3d 215, 223 (2d Cir. 2014) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U. S. 167, 190 (2000)).

This standard "is difficult to satisfy, but not impossible." Winsness v. Yocom, 433 F.3d 727, 736 (10th Cir. 2006). Indeed, when the defendant is a governmental entity, as in this case, the court must give "[s]ome deference" to representations that the conduct at issue "has been discontinued." Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo, 981 F.2d 50, 59 (2d Cir. 1992). Moreover, the defendant does not need to prove that the challenged conduct could not possibly recur; the defendant need only make clear that there is no "reasonable expectation" of recurrence. Lamar Advert. of Penn, LLC v. Town of Orchard Park, 356 F.3d at 375.

Here, the SSA has represented it "will not re-initiate the Representative Sanctions action before an Administrative Law Judge against Plaintiff based upon the conduct alleged by the SSA Office of General Counsel in the July 10, 2013 Notice of Intent to Sanction," and it "does not intend to initiate any further Representative Sanctions actions before an Administrative Law Judge against Plaintiff for any activity that SSA is aware of as of June 24, 2015." (SSA Decl. ¶¶ 4-5). These representations "must be accorded" "[s]ome deference." Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo, 981 F.2d at 59.

These representations "[s]tanding alone . . . might not suffice" to render this case moot. Dean v. Blumenthal, 577 F.3d at 65. However, they are bolstered by the fact that the SSA has not taken any administrative action against plaintiff since the filing of this suit, even though she has continued to violate SSA regulations by, among other things, advising her clients they do not need to file appeals electronically. See id. (case challenging constitutionality of contractual prohibition on contributions to candidates for Connecticut Attorney General was moot when defendant "represented to the Court that he has no intent to reintroduce the challenged provision

into his contracts," and his representation was "bolstered by his voluntary practice of not enforcing the contractual prohibition over the past six years").

Accordingly, under these circumstances, there is no "reasonable expectation" the SSA will initiate another sanction proceeding against plaintiff for engaging in the same conduct that gave rise to the administrative action in this case.  Lamar Advert. of Penn, LLC v. Town of Orchard Park, 356 F.3d at 375.

As for the second element of the voluntary cessation doctrine—that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," Lamar Advert. of Penn, LLC v. Town of Orchard Park, 356 F.3d at 375—"it is extremely doubtful, from this record, that the [alleged violation] had any [ill] effects to redress." Cty. of Los Angeles v. Davis, 440 U.S. at 633.  Indeed, plaintiff was never suspended or disqualified from representing claimants before the SSA; there is no evidence plaintiff's reputation has been damaged or that she lost clients as a result of the sanction proceeding; and the proceeding obviously has not caused her to advise her clients not to file paper appeals.

Accordingly, the SSA's abandonment of the sanction proceeding against plaintiff has rendered this case moot.

Plaintiff's arguments to the contrary are unavailing.

Plaintiff contends the SSA's representations that it has no intention of re-instating the July 2013 charges or of bringing another sanction proceeding against her are "not credible" because the SSA has exhibited "unclean hands" and "bad faith" since initiating the sanction proceeding.  (Pl.'s Opp'n Br. at 11-14).  But there has never been any finding the SSA acted in bad faith, and the Court will not make one here.  Plaintiff's allegations of bad faith do not strip the SSA's representations of the deference to which they are entitled.  See Libbey v. Vill. of Atl.

Beach, 982 F. Supp. 2d 185, 193, 200-01 (E.D.N.Y. 2013) (request to enjoin prosecution under village ordinance was moot because village "undertook all of the necessary steps to fully repeal the ordinance" and "represented to the Court that [it] will not attempt to re-prosecute [lead plaintiff] under the . . . Ordinance," despite allegations that village had multi-year history of retaliating against plaintiffs "in various ways for their political speech").

Plaintiff also contends "[t]he voluntary cessation of illegal conduct due to litigation does not moot a case if the challenged statutes or procedures remain in place," as they do here.  (Pl.'s Opp'n Br. at 9).  Plaintiff cites no authority for this proposition, and the Court is unaware of any precedent, binding or otherwise, requiring the amendment or repeal of a challenged statute or procedure before a claim can be considered moot.  See Winsness v. Yocom, 433 F.3d at 736 (claim challenging the constitutionality of criminal "flag abuse" statute was moot after prosecutors dropped case against plaintiff, even though statute remained in effect).

Plaintiff next argues "a party cannot conjure up mootness by ceasing the challenged conduct only for practical or strategic reasons," such as avoiding an adverse decision on the merits.  (Pl.'s Opp'n Br. at 9-10).  According to plaintiff, that is precisely what the SSA did here, as it dropped the charges against her only eight days after the decision in Hill v. SEC.

To be sure, the voluntary cessation of allegedly illegal conduct will not moot a case when done "for the deliberate purpose of evading a possible adverse decision by th[e] court."  E.I. Dupont De Nemours & Co. v. Invista B.V. & Invista S.A.R.L., 473 F.3d 44, 47 (2d Cir. 2006) (quoting R.C. Bigelow, Inc. v. Unilever N.V., 867 F.2d 102, 106 (2d Cir. 1989)).  But the Court is not at all persuaded the SSA dropped its case against plaintiff "for the deliberate purpose" of staving off an unfavorable decision on the merits.  Hill is a non-binding decision from a district court outside the Second Circuit addressing the constitutionality of ALJ appointments within the

SEC, not the SSA.  Moreover, the SSA has continued to contest the merits of plaintiff's

Appointments Clause claim in this case after <u>Hill</u>, a decision the SEC believes was "wrongly

decided" and has appealed.  (SSA Opp'n Br. at 16 n.11).  The juxtaposition of <u>Hill</u>'s issuance

and the SSA's dismissal of the charges against plaintiff therefore is not enough for the Court to

conclude the SSA abandoned its case against plaintiff simply to evade an adverse decision.

     Nor is there any merit to plaintiff's argument that a case is not moot "when a party

voluntarily ceases the challenged conduct but continues to argue [its] lawfulness."  (Pl.'s Opp'n

Br. at 10).  A case can be moot even if "the parties continue to dispute the lawfulness of the

conduct that precipitated the lawsuit."  <u>Already, LLC v. Nike, Inc.</u>, 133 S. Ct. 721, 727 (2013).

     Plaintiff's final argument against mootness is that "the situation that prompted the

challenged conduct by SSA – [plaintiff's] clients filing paper appeals instead of electronic

appeals – is ongoing and will continue indefinitely.  Thus, it is not absolutely clear that SSA

would not bring new charges against [her]."  (Pl.'s Opp'n Br. at 11).  But, as noted above, the

question is not whether the SSA <u>could</u> bring new charges against her, but whether it is clear there

is no "reasonable expectation" the SSA will do so.  <u>Lamar Advert. of Penn, LLC v. Town of</u>

<u>Orchard Park</u>, 356 F.3d at 375 (internal quotation marks omitted).  That plaintiff has continued to

violate SSA regulations, and has no intention of stopping, does not necessarily create a

reasonable expectation she will be prosecuted.  <u>See</u> <u>Winsness v. Yocom</u>, 433 F.3d at 732-33, 735

(plaintiff lacked standing to challenge criminal flag-abuse statute because he could not establish

"credible threat" of prosecution, even though he had "openly engaged in conduct" violating the

statute and had expressed his "intent" and "desire to violate [it] in the future").

     Indeed, in <u>Already, LLC v. Nike, Inc.</u>, the Supreme Court observed that "[a]lthough the

voluntary cessation standard requires the defendant to show that the challenged behavior cannot

reasonably be expected to recur, we have never held that the doctrine—by imposing this burden on the defendant—allows the plaintiff to rely on theories of Article III injury that would fail to establish standing in the first place." 133 S. Ct. at 730. Violating, or stating an intention to violate, a statute does not create standing to challenge that statute; rather, a plaintiff must allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2342 (2014). Filing paper, as opposed to electronic, appeals is not "conduct arguably affected with a constitutional interest," and the SSA has not threatened to prosecute plaintiff for such conduct in the future.

In short, this case is moot under the voluntary cessation doctrine.

B.     Capable of Repetition, Yet Evading Review

The exception to the mootness doctrine reserved for claims "that, though technically moot, [are] capable of repetition, yet evading review," is a "narrow" one. Dean v. Blumenthal, 577 F.3d at 65. This exception "applies only in exceptional situations, where two circumstances are simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ., 397 F.3d 77, 85 (2d Cir. 2005) (internal citations and quotation marks omitted). While the SSA bore the burden of establishing the applicability of the voluntary cessation doctrine, plaintiff must show her claims are capable of repetition, yet evading review. Video Tutorial Servs. v. MCI Telecomms. Corp., 79 F.3d 3, 6 (2d Cir. 1996).

Plaintiff has failed to do so.

For the reasons set forth above, there is no "reasonable expectation" plaintiff will be subjected to another sanction proceeding.  Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ., 397 F.3d at 86 ("[A] 'reasonable expectation' of repetition must be more than 'a mere physical or theoretical possibility.'" (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982))).

This case therefore does not fall within the "capable of repetition, yet evading review" exception.

Accordingly, the case is moot and must be dismissed for lack of subject matter jurisdiction.[3]  The Court does not—because it cannot—reach the merits of plaintiff's claims.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-02 (1998) ("For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.").

---

[3]     Although plaintiff contends the Court has subject matter jurisdiction under various federal statutes (Pl.'s Opp'n Br. at 16-21), there is in fact no subject matter jurisdiction when, as here, there is no longer a live case or controversy.  See Cohen v. Versatile Studios, Inc., 2014 WL 1584055, at *1 (S.D.N.Y. Apr. 21, 2014) (granting motion to dismiss because, "even though there is subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, there is no 'case or controversy' for the purposes of Article III.").  And although plaintiff argues "this case is identical" to Free Enterprise Fund v. Public Co. Accounting Oversight Board, 561 U.S. 477 (2010) (Pl.'s Opp'n Br. at 1), Free Enterprise Fund has nothing to do with mootness.

**CONCLUSION**

Defendant's motion to dismiss is GRANTED.

Plaintiff's cross-motion for summary judgment is DENIED as moot.

The Clerk is instructed to terminate the motions (Docs. ##24, 44) and close this case.

Dated: January 4, 2016
      White Plains, NY

                    SO ORDERED:

                    Vincent L. Briccetti
                    United States District Judge